# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| |
|---|
| ADAM ISRAEL,<br><br>        Plaintiff,<br><br> vs.<br><br>DR. WORRAL, et al.,<br><br>        Defendants. |

Case No. 3:14-cv-00158-TMB

## ORDER OF DISMISSAL

Adam Israel, representing himself, filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983.[1] The Court granted Israel's Application to Proceed without Prepayment of the Filing Fee and issued an Order Directing Service and Response, but denied his Motion for Appointment of Counsel.[2] Israel has now moved for reconsideration as to the Court's denial of appointment of counsel.[3]

When reviewing the Complaint, as required under 28 U.S.C. § 1915, the Court understood Israel to be alleging that he is being involuntary medicated in violation of the Due Process Clause.[4] In his Motion for Reconsideration, however, Israel explains that the Court has misinterpreted his case:

---

[1] Docket 1.

[2] Dockets 3-5, 7, 8.

[3] Docket 9.

[4] Docket 7 at 1-2 ("Adam Israel, representing himself, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, alleging that he is being involuntary

> The court has misconstrued Israel's complaint as an alleged Due Process violation by Alaska Department of Corrections for involuntarily medicating him [Docket 1@1-2]: The medical malpractice claim outlined in his complaint alleges that he was falsely diagnosed with a severe mental illness, which restricts access to rehabilitative programming, and adversely affects his chances for discretionary parole [Docket 1@3]. The treatment of such an illness by administration of psychotropic medication, involuntarily or otherwise, is unwarranted. But Israel has not claimed to be medicated "without his permission" at the present time, or that it was the result of any procedural violation. The diagnosis of paranoid schitzophrenia [sic] itself is in effect a sentence condemning him, and there is no other process by which it may be reviewed for its rationale or factual basis.
> . . .
> The sole purpose of this action is to refute the diagnosis by proving that it is unfounded.[5]

<u>This Court has no jurisdiction over Israel's medical malpractice case</u>.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[6] It is Israel's burden, as the plaintiff, to show that the Court has jurisdiction to hear his claims.[7] "Section 1983

---

medicated. The Complaint, liberally construed, appears to state a plausible claim of the violation of Israel's right to Due Process, in violation of the United States Constitution.") (citations omitted); *see also United States v. Loughner*, 672 F.3d 731, 744 (9th Cir. 2012) (Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.") (quoting *Washington v. Harper*, 494 U.S. 210, 221-22 (1990)) (internal quotation marks omitted).

[5] Docket 9 at 1-2 (footnotes omitted).

[6] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Black's Law Dictionary* (9th ed. 2009) (Jurisdiction is "[a] court's power to decide a case or issue a decree.").

[7] *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of

. . . creates a private right of action to vindicate violations of 'rights . . . secured by the Constitution and laws' of the United States. Under the terms of the statute," the plaintiff must show that (1) a defendant "act[ed] under color of state law"; to (2) "deprive [the plaintiff] of a constitutional right."[8]

As explained by the United States Supreme Court, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."[9] The Court does not have jurisdiction over negligence or malpractice actions.[10] Because Israel clarifies that he is bringing a malpractice action for being "falsely diagnosed with a severe mental illness,"[11] rather than claiming a constitutional violation, as the Court previously understood, his case must be dismissed for failure to state a claim under 28 U.S.C. § 1915.[12]

---

establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[8] *Rehberg v. Paulk*, ___ U.S. ___, 132 S.Ct. 1497, 1501 (2012) (citations and internal quotations omitted).

[9] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[10] *See Neitzke v. Wiliams*, 490 U.S. 319, 321-22 (1989) ("Insofar as Williams claimed deficient medical care . . . [he] described a constitutionally noncognizable instance of medical malpractice.").

[11] Docket 9 at 1.

[12] *But see Hertz v. Beach*, 211 P.3d 668 (Alaska 2009) (Although the inmate did not state a case under § 1983, his case was allowed to proceed in the state courts on a state medical malpractice claim.).

IT IS THEREFORE ORDERED:

1. This case is DISMISSED, under 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to bringing a medical malpractice case in the state courts.[13]

2. All outstanding motions are DENIED.

3. The Clerk of Court is directed to enter a Judgment in this action.

Dated at Anchorage, Alaska this 9th day of October, 2014.

TIMOTHY M. BURGESS
United States District Judge

---

[13] *See* AS 09.55.530-560 (statutes governing medical malpractice actions in Alaska); *see also Hendricks-Pearce v. State, Dept. of Corrections*, 323 P.3d 30, 33 (Alaska 2014) ("While in custody, Pearce sued the State for medical malpractice and was awarded a $369,277.88 judgment against the State in 2008.") (citation omitted).