# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

ADAM ISRAEL,

        Plaintiff,

vs.

DR. WORRAL, et al.,

        Defendants.

Case No. 3:14-cv-00158-TMB

## ORDER DENYING MOTION FOR RECONSIDERATION

Adam Israel, representing himself, filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983.[1] After the Court reviewed the Complaint, as required under 28 U.S.C. § 1915,[2] Israel informed that Court that it misinterpreted his case:

> The court has misconstrued Israel's complaint as an alleged Due Process violation by Alaska Department of Corrections for involuntarily medicating him [Docket 1@1-2]: The medical malpractice claim outlined in his complaint alleges that he was falsely diagnosed with a severe mental illness, which restricts access to rehabilitative programming, and adversely affects his

---

[1] Docket 1.

[2] Docket 7 at 1-2 ("Adam Israel, representing himself, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, alleging that he is being involuntary medicated. The Complaint, liberally construed, appears to state a plausible claim of the violation of Israel's right to Due Process, in violation of the United States Constitution.") (citations omitted); *see also United States v. Loughner*, 672 F.3d 731, 744 (9th Cir. 2012) (Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.") (quoting *Washington v. Harper*, 494 U.S. 210, 221-22 (1990)) (internal quotation marks omitted).

> chances for discretionary parole [Docket 1@3]. The treatment of
> such an illness by administration of psychotropic medication,
> involuntarily or otherwise, is unwarranted. But Israel has not claimed
> to be medicated "without his permission" at the present time, or that
> it was the result of any procedural violation. The diagnosis of
> paranoid schitzophrenia [sic] itself is in effect a sentence
> condemning him, and there is no other process by which it may be
> reviewed for its rationale or factual basis.
> . . .
> The sole purpose of this action is to refute the diagnosis by proving
> that it is unfounded.[3]

Because this Court has no jurisdiction over a medical malpractice action,[4] Israel's case was dismissed.[5]

> Israel now moves for reconsideration of the dismissal:
>
> Israel notified the court that it had misconstrued his complaint as an
> allegation that he was being involuntarily medicated without Due
> Process. Israel reiterated his position, describing the action as an
> allegation of medical malpractice (1), which affects his liberty
> interest: the unsubstantiated diagnosis of Paranoid Schitzophrenia
> [sic] changes his status by restricting access to rehabilitative
> programming (2), and negatively affects his chances for
> discretionary parole (3). . . .
> *The diagnosis is at the heart of the issue.* There is no process to
> challenge their decision within the department or through any State
> regulatory authority. The cumulative effects of their actions therefore
> violates Israel's Constitutional rights.

---

[3] Docket 9 at 1-2 (footnotes omitted).

[4] *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Neitzke v. Wiliams*, 490 U.S. 319, 321-22 (1989) ("Insofar as Williams claimed deficient medical care . . . [he] described a constitutionally noncognizable instance of medical malpractice.").

[5] Docket 13.

Israel does assert a Due Process violation (4), but not in the particular respect that the court had interpreted it to be. The false diagnosis is being used to inflict punishment, without Due Process.[6]

Israel thus claims that medical malpractice – the "unsubstantiated diagnosis of paranoid schizophrenia" – "is at the heart of the issue," from which stems (1) the violation of his current right to rehabilitation, and also (2) affects his future chances for discretionary parole. But there is no *federal* constitutional right to rehabilitation,[7] and Israel's due process claim with respect to the possibility of *future* discretionary parole is not ripe,[8] and is unlikely to succeed.[9]

---

[6] Docket 15 at 1-2 (emphasis added).

[7] *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (The "claim . . . lacks substance in law and fact because there is no constitutional right to rehabilitation.") (citations and internal quotation marks omitted); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) ("If the plaintiff's due process claim hinges on a property interest in the vocational instruction course, his claim similarly lacks substance in law and fact because there is no constitutional right to rehabilitation. . . . Therefore, no protected interest has been alleged and no due process claim can stand.") (citation omitted); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for violations of state law).

[8] Once ripe, and if necessary, Israel may file a petition under 28 U.S.C. § 2254. *See Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007); *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding.") (citations omitted).

[9] *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11-12 (1979) (Nebraska's statute "provides in part: 'Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because [one of four enumerated factors exists].' . . . [T]his statute has unique structure and language and thus whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis."); *Miller v. Oregon Bd. of Parole and Post Prison Supervision*, 642 F.3d 711, 714-15 (9th Cir. 2011) ("If there is any right

Because the crux of the complaint addresses state court issues, the Motion for Reconsideration will be denied. Israel may, however, bring his medical malpractice claim, as well as his claim regarding rehabilitation,[10] in the state courts.[11]

---

to release on parole, or to release in the absence of some evidence of future dangerousness, it has to arise from substantive state law creating a *right to release*. . . . A state parole statute establishes a protected liberty interest in parole when it uses language that creates a presumption that the prisoner will be paroled if certain conditions are satisfied. The Nebraska parole statute in *Greenholtz* provided: 'Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall order his release* unless it is of the opinion that his release should be deferred because [one of four enumerated factors exists].' . . . The Supreme Court reasoned that this language created an 'expectancy of release' that was 'entitled to some measure of constitutional protection.'") (emphasis added) (quoting, *inter alia*, *Greenholtz*, 442 U.S. at 11-12). Alaska's statute, however, does not contain mandatory language directing the parole board to grant discretionary parole under certain circumstances. Instead, AS 33.16.130 provides as follows:
> (a) A prisoner eligible for discretionary parole may apply to the board for discretionary parole. As part of the application for parole, the prisoner shall submit to the board a parole release plan that includes the prisoner's plan for employment, residence, and other information concerning the prisoner's rehabilitative plans if released on parole.
> (b) Before the board determines a prisoner's suitability for discretionary parole, the prisoner is entitled to a hearing before the board. The prisoner shall be furnished a copy of the preparole reports listed in AS 33.16.110, and permitted access to all records that will be considered by the board in making its decision except those that are made confidential by law. The prisoner may also respond in writing to all materials considered by the board, be present at the hearing, and present evidence to the board.
> (c) The board shall issue its decision in writing and provide the basis for a denial of discretionary parole. A copy of the decision shall be provided to the prisoner.

[10] *See Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009) ("Article I, section 12 of the Alaska Constitution provides prisoners a fundamental rehabilitation right.") (citation omitted).

[11] *See Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004) (The applicable two-year statute of limitations may be equitably tolled when a plaintiff "'has

IT IS THEREFORE ORDERED that the Motion for Reconsideration, at Docket 15, is DENIED.

Dated at Anchorage, Alaska this 16th day of December, 2014.

    /s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT JUDGE

---

more than one legal remedy available to him' . . . The statute of limitations is thus tolled during the pendency of the initial defective action, giving the plaintiff the full statutory period to file once tolling ceases. In such circumstances, the statute is equitably tolled if '(1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith.'") (citations omitted).